UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANIEL CUNNINGHAM and DEBRA DE SALVO, individually, and on behalf of all others similarly situated,<br><br>**Plaintiffs,**<br><br>v.<br><br>DG3 NORTH AMERICA, INC., JOHN HANCOCK INVESTMENT MANAGEMENT, LLC, and UBS FINANCIAL SERVICES, INC.,<br><br>**Defendants.** | Docket No.: 2:24-cv-07385<br><br>**ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT** |

**WILLIAM J. MARTINI, U.S.D.J.:**

This matter came before the Court on the unopposed motion of Plaintiffs Daniel Cunningham and Debra De Salvo, individually and on behalf of the proposed Settlement Class ("Plaintiffs") for Preliminary Approval of Class Settlement Agreement pursuant to Fed. R. Civ. P. 23(e), and for certification of the class for settlement purposes only pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3). ECF No. 38.

WHEREAS Plaintiffs and Defendant DG3 North America, Inc. ("DG3"), John Hancock Investment Management, LLC, and UBS Financial Services, Inc. reached a nationwide class action settlement ("Settlement Agreement") for a $600,000 non-reversionary common fund to resolve all controversies and disputes arising out of or relating to the cybersecurity incident impacting DG3 discovered on March 19, 2024 ("Data Incident"). *See* Pls.' Mot. Ex. 1, ECF No. 38-1. Having reviewed the Settlement Agreement, including the exhibits attached thereto, and all prior proceedings herein, and for good cause shown,

IT IS on this 28th day of May 2025, **ORDERED** that Plaintiffs' Motion for

1

Preliminary Approval of Class Action Settlement is granted as set forth herein.

## I. CLASS CERTIFICATION FOR SETTLEMENT PURPOSES ONLY

For settlement purposes only and pursuant to Fed. R. Civ. P. 23(a), (b)(3), and (e), the Court provisionally certifies a class in this matter ("Settlement Class") defined as follows:

> All persons residing in the United States whose Private Information was potentially compromised as a result of the Data Incident. The Settlement Class excludes: (a) the judge(s) to whom the Action is assigned and any member of those judges' staffs or immediate family members; (b) counsel for the Parties, any member of their respective staffs who worked directly on the Action, and any member of their immediate families; (c) any governmental entity; (d) any entity in which any of the Defendants have a controlling interest; (e) any of Defendants' subsidiaries, parents, affiliates, and officers, directors, legal representatives, heirs, successors, or assigns; and (f) Settlement Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline.

Additionally, for settlement purposes only and pursuant to Fed. R. Civ. P. 23(b)(3) and (e), the Court certifies, solely for the purposes of effectuating the proposed settlement, a subclass of Group 1 Settlement Class Members[1] in this matter defined as Settlement Class Members whose Social Security number(s) was/were potentially impacted by the Data Incident, as identified on the Class List provided by Defendant DG3, and a subclass of Group 2 Settlement Class Members in this matter defined as Settlement Class Members whose Social Security number(s) was/were not potentially impacted in the Data Incident, as identified on the Class List provided by Defendant DG3.

The Court provisionally finds, for settlement purposes only, that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable; (b) there are issues of law and fact common to the Settlement Class; (c) the claims of the Class

---

[1] All capitalized terms shall have the same meaning as set forth in Section II of the Settlement Agreement.

Representatives are typical of and arise from the same operative facts and seek similar relief as the claims of the Class Members; (d) the Class Representatives and Class Counsel will fairly and adequately protect the interests of the Settlement Class as the Class Representatives have no interest antagonistic to or in conflict with the Settlement Class and have retained experienced and competent counsel to prosecute this matter on behalf of the Settlement Class; (e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and (f) a class action and class settlement is superior to other methods available for a fair and efficient resolution of this case.

## II. SETTLEMENT CLASS REPRESENTATIVES AND SETTLEMENT CLASS COUNSEL

Plaintiffs are hereby provisionally designated and appointed as the Class Representatives. The Court provisionally finds that the Class Representatives are similarly situated to absent Settlement Class Members, and therefore typical of the Class, and that they will be adequate Class Representatives.

The Court finds that John J. Nelson of Milberg Coleman Bryson Phillips Grossman, PLLC and Kenneth Grunfeld of Kopelowitz Ostrow P.A are experienced and adequate counsel and are hereby provisionally designated as Class Counsel pursuant to Federal Rule of Civil Procedure 23(g).

## III. PRELIMINARY SETTLEMENT APPROVAL

Upon preliminary review, the Court finds that the proposed settlement is fair, reasonable, and adequate to warrant providing notice of the settlement to the Settlement Class and accordingly is preliminarily approved, subject to further consideration at the Final Approval Hearing to be conducted as described below. Pursuant to Rule 23(e)(1) of the

3

Federal Rules of Civil Procedure, the Parties have shown that the Court will likely be able to approve the proposal under Rule 23(e)(2), which requires the Court to consider the following factors in determining whether a proposed settlement is fair, reasonable, and adequate:

(a) have the class representatives and class counsel adequately represented the class;

(b) was the proposal negotiated at arm's length;

(c) is the relief provided for the class adequate, taking into account:

  (i) the costs, risks, and delay of trial and appeal;
  (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
  (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and
  (iv) any agreement required to be identified under Rule 23(e)(3); and

(d) does the proposal treat class members equitably relative to each other.

For the purposes of preliminary approval, the Court finds: (a) Plaintiffs and Class Counsel have adequately represented the Settlement Class comprised of the two subclasses of the Group 1 Settlement Class Members and the Group 2 Settlement Class Members; (b) the settlement is the result of arm's length negotiations conducted under the auspices of Hon. Morton Denlow (Ret.); (c) the relief provided is adequate when considering (i) the substantial costs, risks, and delay of continued litigation, (ii) the proposed method for processing Settlement Class Members' claims and distributing relief to eligible claimants is standard in data breach class action settlements and has been found to be effective in these types of settlements, and (iii) the conditions under which the Parties may terminate the settlement is standard and has no negative impact on the fairness of the settlement; and (d) the settlement treats Settlement Class Members equitably relative to one another.

## IV. JURISDICTION

The Court finds that it has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d), and personal jurisdiction over the Parties before it for the purposes of the Settlement. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1).

## V. FINAL APPROVAL HEARING

A Final Approval Hearing shall be held on **October 14, 2025 at 10 A.M.** in Courtroom 4B, to determine, among other things, whether: (1) this matter should be finally certified as a class action for settlement purposes pursuant to Federal Rules of Civil Procedure 23(a), (b)(3), and (e); (2) the settlement should be finally approved as fair, reasonable, and adequate pursuant to Federal Rule of Civil Procedure 23(e); (3) the action should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (4) Settlement Class Members should be bound by the releases set forth in the Settlement Agreement; and (5) the application of Settlement Class Counsel for an award of attorneys' fees and costs should be approved pursuant to Federal Rule of Civil Procedure 23(h).

Plaintiffs' Motion for Final Approval of the Settlement, inclusive of Plaintiffs' Application for Attorney's Fees, Costs, and Service Awards, shall be filed with the Court by 45 days before the original date of the Final Approval Hearing.

The Court may adjourn the Final Approval Hearing without further notice to the Settlement Class Members and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class Members.

## VI. ADMINISTRATION

The Court appoints Epiq Class Action & Claims Solutions, Inc. as the Settlement Administrator, with responsibility for effectuating the Notice Program and Claims Process.

5

All costs of administration of the Settlement, including all costs to carry out the Notice Program, shall be made exclusively from the Settlement Fund.

## VII. NOTICE TO THE CLASS

The Proposed Notice Program set forth in the Settlement Agreement, and the Postcard Notice, Long Form Notice, and Claim Form attached to the Settlement Agreement as Exhibits 1, 2, and 3, respectively, satisfy the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and (e)(1), and are hereby approved. Non-material modifications to these Exhibits may be made without further order of the Court. The Settlement Administrator is directed to carry out the Notice Program in conformance with the Settlement Agreement.

## VIII. FINDINGS CONCERNING NOTICE

The Court finds that the form, content, and method of giving Notice to the Settlement Class as described in Section VII of this Order and the Settlement Agreement (including the exhibits thereto): (a) will constitute the best practicable notice under the circumstances to the Settlement Class; (b) is reasonably calculated to apprise Settlement Class Members of: (i) the nature of this Action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a Settlement Class Member may enter an appearance through an attorney if the member so desires; (v) that the Court will exclude from the Class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Federal Rule of Civil Procedure 23(c); (c) is reasonable and constitutes due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; and (d) meets all applicable requirements of law, including Federal Rule of Civil Procedure 23(c) and (e), and the Due Process Clause(s) of the United States Constitution.

The Court further finds that the Notices are written in plain language, use simple terminology, and are designed to be readily understandable by Settlement Class Members.

## IX. CLASS ACTION FAIRNESS ACT NOTICE

The Settlement Administrator has timely served or has caused to be served (or shall timely serve or cause to be served) a notice of the proposed Settlement on appropriate state officials in accordance with the requirements under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(b).

## X. EXCLUSION FROM CLASS

Any Settlement Class Member who wishes to be excluded from the Settlement Class must mail via First Class Mail to the Settlement Administrator a signed letter, postmarked no later than 30 days before the original date of the Final Approval Hearing. The opt-out request must be personally signed by the Settlement Class member and contain the requestor's name, address, telephone number, and email address (if any), and include a statement indicating a request to be excluded from the Settlement Class.

The Settlement Administrator shall provide the Parties with copies of all completed opt-out notifications, and a final list of all who have timely and validly excluded themselves from the Settlement Class, which Settlement Class Counsel may file with the Court as an exhibit to the Final Approval Motion. Any Settlement Class Member who does not timely and validly exclude herself or himself from the settlement shall be bound by the terms of the settlement. If Final Judgment is entered, any Settlement Class Member who has not submitted a timely, valid written notice of exclusion from the Settlement Class shall be bound by all proceedings, orders, and judgments in this matter, including but not limited to the Release set forth in the Final Approval Order and Judgment. All Class Members who submit valid and timely notices

7

of exclusion from the Settlement Class shall not be entitled to receive any benefits of the Settlement.

## XI.   OBJECTIONS AND APPEARANCES

A Settlement Class Member who complies with the requirements of this paragraph may object to the Settlement or the Application for Attorney's Fees, Costs and Service Award, and must do so no later than 30 days before the original date of the Final Approval Hearing.

No Settlement Class Member shall be heard, and no papers, briefs, pleadings, or other documents submitted by any Settlement Class Member shall be received and considered by the Court, unless the objection is (a) filed with the Court by the last day of the Objection Period; and (b) served by first class mail on Defendants' Counsel and Class Counsel by the last day of the Objection Period. For an objection to be considered by the Court, the objection must also include:

    a.    The name of the proceedings;

    b.    The objector's full name, mailing address, telephone number, and email address (if any);

    c.    All grounds for the objection, accompanied by any legal support for the objection known to the objector or objector's counsel;

    d.    The identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the settlement and/or Application for Attorneys' Fees, Costs, and Service Awards;

    e.    A statement of whether the objector and/or his/her attorney(s) intend to appear at the Final Approval Hearing;

    f.    A statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing;

    g.    A list of all persons who will be called to testify at the Final Approval Hearing in support of the objection (if any);

        h.      The number of times the objector, the objector's counsel and/or counsel's law firm has objected to a class action settlement within the five (5) years preceding the date of the objection, the caption of each case in which the objection was made, and a copy of any order related to or ruling upon the prior objections that were issued by the trial and appellate courts in each listed case; and

        i.      the objector's signature (an attorney's signature is not sufficient).

Class Counsel and/or Defendants' counsel may conduct limited discovery on any objector or objector's counsel.

Any Settlement Class Member who fails to substantially comply with the provisions in this Paragraph may waive and forfeit any and all rights he or she may have to object, and shall be bound by all the terms of the Settlement Agreement, this Order, and by all proceedings, orders, and judgments in this matter, including, but not limited to, the Release in the Settlement Agreement if Final Approval and Judgment is entered. The Court retains the right to allow objections in the interest of justice. Any Settlement Class Member, including a Settlement Class Member who files and serves a written objection, as described above, may appear at the Final Approval Hearing, either in person or through counsel hired at the Settlement Class Member's expense, to object to or comment on the fairness, reasonableness, or adequacy of the Settlement or the Application for Attorneys' Fees, Costs and Service Award.

If Final Approval and Judgment is entered, any Settlement Class Member who fails to object in the manner prescribed herein shall be deemed to have waived his or her objections and shall be forever barred from making any such objections in this action or in any other proceeding or from challenging or opposing, or seeking to reverse, vacate, or modify any approval of the Settlement Agreement or the Fee Request.

### XII. CLAIMS PROCESS AND DISTRIBUTION AND ALLOCATION PLAN

The Settlement Class Representatives and Defendants have created a process for

assessing and determining the validity and value of claims and a payment methodology to Settlement Class Members who submit a timely, valid claim form. The Court preliminarily approves the plan for remuneration described in the Settlement Agreement and directs that the Settlement Administrator effectuate the distribution of settlement consideration according to the terms of the Settlement Agreement, should Settlement be finally approved.

Settlement Class Members who qualify for and wish to submit a Claim Form shall do so in accordance with the requirements and procedures specified in the Notices and the Claim Form. If the Final Approval Order is entered, all Settlement Class Members who qualify for any benefit under the Settlement but fail to submit a Claim in accordance with the requirements and procedures specified in the Notice and the Claim Form shall be forever barred from receiving any such benefit, but will in all other respects be subject to and bound by the provisions in the Settlement Agreement, the Releases included in the Settlement Agreement, and the Final Approval Order.

### XIII. TERMINATION OF THE SETTLEMENT

This Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if the Settlement is not finally approved by the Court or is terminated in accordance with the Settlement Agreement. In such event, the settlement and Settlement Agreement shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's orders, including this Order, relating to the settlement shall be used or referred to for any purpose whatsoever.

### XIV. USE OF ORDER

This Order shall be of no continuing force or effect if the Final Approval Order is not

entered or there is no Effective Date and shall not be construed or used as an admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach, liability, or the certifiability of any class. Nor shall this Order be construed or used as an admission, concession, or declaration by or against the Class Representatives or any other Settlement Class Member that his or her claims lack merit or that the relief requested is inappropriate, improper, unavailable, or as a waiver by any Party of any defense or claims he, she, or it may have in this litigation or in any other lawsuit.

## XV. STAY OF PROCEEDINGS AND TEMPORARY INJUNCTION

Except as necessary to effectuate this Order, all proceedings and deadlines in this matter are stayed and suspended pending the Final Approval Hearing and issuance of the Final Approval Order, or until further order of this Court. Pending final determination of whether the settlement should be approved, the Court bars and enjoins Plaintiffs, and all other members of the Settlement Class, from commencing or prosecuting any and all of the Released Claims against the Released Parties.

## XVI. SUMMARY OF DEADLINES

The preliminarily approved settlement shall be administered according to its terms pending the Final Approval Hearing. Deadlines arising under the Settlement Agreement and this Order include but are not limited to:

| Deadline to commence Notice Program | Within 30 days of Preliminary Approval |
| --- | --- |
| Deadline for filing Motion for Final Approval, including Class Counsel's Application for Attorneys' Fees, Costs, and Service Awards | 45 days before the original date of the Final Approval Hearing |
| Opt-out Period Ends | 30 days before the original date of the Final Approval Hearing |
| Objection Period Ends | 30 days before the original date of the Final Approval Hearing |
| Claim Filing Deadline | 90 days following the commencement of |

11

|  | Notice |
|---|---|
| Final Approval Hearing | October 14, 2025 at 10 AM in Courtroom 4B |

**IT IS SO ORDERED.**

Date: May 28, 2025

WILLIAM J. MARTINI, U.S.D.J.